IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CLARK,

      Plaintiff,

v.

HALLIBURTON ENERGY SERVICES INC.
d/b/a HALLIBURTON; and
REGINALD GRANDIN,

      Defendants.

Civil Action No.: 4:26-CV-00519
Honorable Matthew W. Brann, Chief Judge

## ANSWER OF DEFENDANTS HALLIBURTON ENERGY SERVICES, INC. AND REGINALD GRANDIN TO PLAINTIFF'S COMPLAINT

AND NOW, come the Defendants, Halliburton Energy Services, Inc. ("HES") and Reginald Grandin ("Grandin") (collectively hereafter, "Defendants"), by and through their undersigned counsel, and hereby file the following answer to Plaintiff's Complaint.

Because of the nature of the allegations of the Plaintiff's Complaint and the fact that discovery has not been completed to date in this matter as to the Plaintiff's claims, in order to preserve important legal rights and protections, the Defendants set forth below certain affirmative defenses which, based upon the information set forth in Plaintiff's Complaint, the Defendants believe do or may apply to some or all of the claims raised therein. The Defendants further reserve the right to withdraw or modify some or all of the affirmative defenses set forth below, in whole or in part, depending upon the nature of the discovery in this matter.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted against HES and/or Grandin.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages were proximately caused by persons or entities other than HES and/or Grandin.

**THIRD AFFIRMATIVE DEFENSE**

The alleged negligence of HES and Grandin, which is denied, individually and collectively, did not proximately cause Plaintiff's claimed injuries and damages.

**FOURTH AFFIRMATIVE DEFENSE**

HES and Grandin were not guilty of any willful, wanton, malicious acts or gross negligence which proximately caused or contributed to the damages allegedly sustained by Plaintiff and the Plaintiff is thereby prohibited from recovering any punitive damages from HES and/or Grandin, to the extent sought or alleged.

**FIFTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered the damages alleged in the Complaint, such damages were caused by the conduct of persons, firms, and/or corporations other than these Defendants.  HES and Grandin cannot be held liable for the acts and/or omissions of such persons, firms, and/or corporations.

**SIXTH AFFIRMATIVE DEFENSE**

HES and Grandin did not act in an intentional and unreasonable way toward the Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent evidence developed in this case so supports, Plaintiff's claims are barred by collateral estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent evidence developed in this case so supports, HES and Grandin expressly reserve onto themselves the defense of comparative negligence, as may be developed in discovery in this civil action.

## NINTH AFFIRMATIVE DEFENSE

HES and Grandin do hereby invoke any and all affirmative defenses applicable in the defense of the claims asserted against them in Plaintiff's Complaint as may be relevant or pertinent and justified and established by the facts and circumstances thereof. Such affirmative defenses are as contemplated and/or set forth in Rule 8 of the Federal Rules of Civil Procedure. These affirmative defenses include, but are not limited to the doctrines of laches, waiver, estoppel, and failure to join an indispensable party, pursuant to Rule 19 of the Federal Rules of Civil Procedure. HES and Grandin reserve onto themselves these defenses insomuch as discovery may develop facts supporting the same.

## TENTH AFFIRMATIVE DEFENSE

HES and Grandin deny all allegations in the Complaint to the extent not expressly admitted.

## ELEVENTH AFFIRMATIVE DEFENSE

HES and Grandin, not being fully apprised of all facts and circumstances surrounding this incident, including the allegations contained in Plaintiff's Complaint, reserve onto themselves the defense that the Complaint is or may be barred by on the ground that the accident in question in this case was not caused by the negligence, fault, strict liability, wrongful conduct, act or omission or other liability on the part of HES, its agents, servants or employees, but by independent, intervening and/or superseding negligence, fault, strict liability, wrongful conduct, act or omission or other liability of persons other than HES, its agents, servants or employees, over whom HES had no control, and for whom HES bears no responsibility, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is or may be barred from pleading, proving and/or recovering the amount of any benefits paid or payable as set forth in §§ 1719 and 1722 of the Pennsylvania Motor Vehicle Financial Responsibility Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

These Defendants are advised and therefore aver that the affirmative defenses of comparative negligence and contributory negligence need not be pled specifically under Pa. R.C.P. No. 1030(b). However, and to the extent evidence developed in this case so supports, these Defendants raise the Plaintiff's contributory, acts or omissions and/or comparative negligence as a bar, whether in whole or in part, to Plaintiff's claims against these Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent evidence developed in this case supports, these Defendants aver that Plaintiff's alleged damages were the result of superseding, intervening or other independent causes over which these Defendants did not exercise control.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent evidence developed in this case supports, these Defendants aver that Plaintiff's alleged damages may be barred, whether in whole or in part, by Plaintiff's assumption of risk.

## JURISDICTION

1.     Paragraph one (1) of Plaintiff's Complaint constitutes a legal conclusion to which no response is required. To the extent that a response is required, these Defendants deny that Plaintiff is entitled to recovery in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages as a result of the accident forming the basis of the Complaint in this civil action. Defendants do admit that this action involves citizens of different states.

4

**PARTIES**

2.      After reasonable investigation, these Defendants are presently without knowledge or information sufficient to form a belief as to the truth as to the averments contained in paragraph two (2) of the Complaint, specifically the home address of the Plaintiff.  Upon information and belief, Plaintiff is a resident of Pennsylvania.

3.      Defendants deny the averments contained in paragraph three (3) of Plaintiff's Complaint.  HES is a Delaware corporation with a principal place of business in the State of Texas. HES further denies the assertion contained in paragraph three (3) of the Complaint that it is a trucking and transportation business.

4.      Defendants deny the averments contained in paragraph four (4) of Plaintiff's Complaint.  Grandin is citizen of the State of Washington, with an address of 510 Stevens Avenue SW, R407, Renton, WA 98057.

**FACTUAL ALLEGATIONS**

5.      These Defendants admit the averments contained in paragraph five (5) of Plaintiff's Complaint to the extent that the incident forming the basis of the civil action occurred on May 22, 2024.  These Defendants deny the averments contained in paragraph five (5) of Plaintiff's Complaint to the extent that they attempt to incorporate the remaining allegations in the Complaint or otherwise attempt to place fault on these Defendants.

6.      Defendants deny the averments contained in paragraph 6 of the Complaint, as worded, and demand strict proof of the same.

7.      Defendants are without sufficient information to admit or deny the averments contained in paragraph seven (7) of Plaintiff's Complaint and therefore deny said allegations and demand strict proof of the same.

8.      The averments contained in paragraph eight (8) of Plaintiff's Complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, Defendants admit that Grandin was operating a tractor while employed by HES at the time of the incident giving rise to this civil action.

9.      Paragraph nine (9) of Plaintiff's Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is required, HES admits that Grandin was an employee of HES at the time of the accident giving rise to the claims in this civil action, but denies the remaining allegations to the extent that they attempt to impute liability for fault on either Defendant.

10.     Defendants deny the averments contained in paragraph ten (10) of Plaintiff's Complaint to the extent that the phrase "directly behind" is capable of multiple interpretations. Defendants admit that on the date of the accident giving rise to this civil action, Grandin was operating his tractor in a line of traffic behind Plaintiff's vehicle.

11.     Defendants deny the averments contained in paragraph eleven (11) of Plaintiff's Complaint and demand strict proof thereof.

12.     Defendants deny the averments contained in paragraph twelve (12) of Plaintiff's Complaint, as worded, and demand strict proof thereof.

13.     Defendants deny the averments contained in paragraph thirteen (13) of Plaintiff's Complaint, as worded, and demand strict proof thereof.

14.     The averments contained in paragraph fourteen (14) of the Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the averments contained in paragraph fourteen (14) of Plaintiff's Complaint, including all discrete subparts, and demand strict proof thereof.

15. The averments contained in paragraph fifteen (15) of Plaintiff's Complaint constitute conclusions of law to which a response is not required. To the extent that a response is required, Defendants deny the averments contained in paragraph fifteen (15) of Plaintiff's Complaint and demand strict proof thereof.

16. The averments contained in paragraph sixteen (16) of the Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, HES denies the averments contained in paragraph sixteen (16) of the Plaintiff's Complaint, including all discrete subparts, and demands strict proof thereof.

17. The averments contained in paragraph seventeen (17) of the Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the averments contained in paragraph seventeen (17) of Plaintiff's Complaint and demand strict proof thereof.

18. Defendants are without sufficient information to admit or deny the assertions contained in paragraph eighteen (18) of Plaintiff's Complaint. Defendants therefore deny the averments contained in paragraph eighteen (18) of Plaintiff's Complaint and demand strict proof thereof.

19. Defendants are without sufficient information to admit or deny the assertions contained in paragraph nineteen (19) of Plaintiff's Complaint. Defendants therefore deny the averments contained in paragraph nineteen (19) of Plaintiff's Complaint and demand strict proof thereof.

20. Defendants are without sufficient information to admit or deny the assertions contained in paragraph twenty (20) of Plaintiff's Complaint. Defendants therefore deny the averments contained in paragraph twenty (20) of Plaintiff's Complaint and demand strict proof thereof.

21. Defendants are without sufficient information to admit or deny the assertions contained in paragraph twenty-one (21) of Plaintiff's Complaint. Defendants therefore deny the averments contained in paragraph twenty-one (21) of Plaintiff's Complaint and demand strict proof thereof.

22. Defendants are without sufficient information to admit or deny the assertions contained in paragraph twenty-two (22) of Plaintiff's Complaint. Defendants therefore deny the averments contained in paragraph twenty-two (22) of Plaintiff's Complaint and demand strict proof thereof.

23. Defendants deny the averments contained in paragraph twenty-three (23) of Plaintiff's Complaint and demand strict proof thereof.

24. Defendants deny the averments contained in paragraph twenty-four (24) of Plaintiff's Complaint and demand strict proof thereof.

25. Defendants deny the averments contained in paragraph twenty-five (25) of Plaintiff's Complaint and demand strict proof thereof.

26. Defendants are without sufficient information to admit or deny the assertions contained in paragraph twenty-six (26) of Plaintiff's Complaint. Defendants therefore deny the averments contained in paragraph twenty-six (26) of Plaintiff's Complaint and demand strict proof thereof.

27. Defendants deny the averments contained in paragraph twenty-seven (27) of Plaintiff's Complaint and demand strict proof thereof.

28. Defendants deny the averments contained in paragraph twenty-eight (28) of Plaintiff's Complaint and demand strict proof thereof.

29. Defendants deny the averments contained in paragraph twenty-nine (29) of Plaintiff's Complaint and demand strict proof thereof.

30.    Defendants deny the averments contained in paragraph thirty (30) of Plaintiff's Complaint and demand strict proof thereof.

31.    Defendants deny the averments contained in paragraph thirty-one (31) of Plaintiff's Complaint and demand strict proof thereof.

32.    Defendants deny the averments contained in paragraph thirty-two (32) of Plaintiff's Complaint and demand strict proof thereof.

## COUNT I - NEGLIGENCE
### David Clark, Plaintiff v. Reginald Grandin, Defendant

33.    Paragraph thirty-three (33) of Plaintiff's Complaint does not contain an allegation against either Defendant, therefore no response is required.  To the extent that a response is required, Defendant Grandin denies the allegations and assertions, where applicable, contained in paragraphs one (1) through thirty-two (32) and demands strict proof thereof.  Defendants deny the relief requested in the Ad Damnum clause contained within Count I of Plaintiff's Complaint and demand strict proof of the same.

## COUNT II - VICARIOUS LIABILITY
### David Clark, Plaintiff v. Halliburton Energy Services, Inc., Defendant

34.    Paragraph thirty-four (34) of Plaintiff's Complaint does not contain an allegation against either Defendant, therefore no response is required.  To the extent that a response is required, Defendant HES denies the allegations and assertions, where applicable, contained in paragraphs one (1) through thirty-three (33) and demands strict proof thereof.

35.    Paragraph thirty-five (35) of Plaintiff's Complaint constitutes a legal conclusion to which no response is required.  To the extent that a response is required, HES admits that Grandin was an employee of HES, but denies the remaining allegations to the extent that they attempt to impute liability for fault on either Defendant.

36.     Defendants deny the averments contained in paragraph thirty-six (36) of Plaintiff's Complaint.  Specifically, Defendants deny that Plaintiff is entitled to relief against Grandin or HES based on the claims and allegations contained in Plaintiff's Complaint.  Defendants deny the relief requested in the Ad Damnum clause contained within Count II of Plaintiff's Complaint and demand strict proof of the same.

**COUNT III - NEGLIGENCE**
**David Clark, Plaintiff v. Halliburton Energy Services, Inc., Defendant**

37.     Paragraph thirty-seven (37) of Plaintiff's Complaint does not contain an allegation against either Defendant, therefore no response is required.  To the extent that a response is required, Defendant HES denies the allegations and assertions, where applicable, contained in paragraphs one (1) through thirty-six (36) and demands strict proof thereof.  Defendants deny the relief requested in the Ad Damnum clause contained within Count III of Plaintiff's Complaint and demand strict proof of the same.

WHEREFORE, for all the foregoing, Defendants request that Plaintiff's Complaint be dismissed with prejudice, and for such further relief as may be appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated the 1st day of May, 2026.

> **Defendants,**
> **HALLIBURTON ENERGY SERVICES,**
> **INC. and REGINALD GRANDIN,**
> **By Counsel**:
>
> */s/ Debra Tedeschi Varner*
> Debra Tedeschi Varner (PA I.D. #70944)
> dtvarner@vv-wvlaw.com
> Varner & Van Volkenburg, PLLC
> 360 Washington Avenue
> Clarksburg, WV 26301
> Tel: (304) 918-2840 / Fax: (304) 362-0124

10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CLARK,

       Plaintiff,

v.

HALLIBURTON ENERGY SERVICES INC.
d/b/a HALLIBURTON; and
REGINALD GRANDIN,

       Defendants.

Civil Action No.: 4:26-CV-00519
Honorable Matthew W. Brann, Chief Judge

## CERTIFICATE OF SERVICE

This is to certify that, on the 1st day of May, 2026, the undersigned counsel served the foregoing ***ANSWER OF DEFENDANTS HALLIBURTON ENERGY SERVICES, INC. AND REGINALD GRANDIN TO PLAINTIFF'S COMPLAINT*** upon counsel of record by notification via the Court's CM/ECF electronic filing system, and/or by facsimile and/or by depositing a true copy in the United States Mail, postage prepaid, in an envelope addressed as follows:

Ryan P. McDaniel, Esquire
ryan@freeburnlaw.com
Freeburn & Hamilton, PC
3901 North Front Street
Harrisburg, PA 17110
***Fax (717) 671-1960***
***Counsel for Plaintiff***

/s/ Debra Tedeschi Varner

11