**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID CLARK,<br><br>Plaintiff,<br><br>v.<br><br>HALLIBURTON ENERGY SERVICES INC. d/b/a HALLIBURTON and REGINALD GRANDIN,<br><br>Defendants. | No. 4:26-CV-00519<br><br>(Chief Judge Brann) |

**ORDER**

**AND NOW**, this 9th day of September 2026, in light of Mark S. Weaver, Esquire's report to the Court indicating that this matter has settled, Doc. 19, **IT IS HEREBY ORDERED** that this action is dismissed without costs and without prejudice to the right of either party, upon good cause shown, to reinstate the action within sixty (60) days if the settlement is not consummated. **IT IS FURTHER ORDERED** that the Court retains jurisdiction over the settlement agreement.[1]

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[1] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)("The parties' obligation to comply with the terms of the settlement agreement [must be] made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist."); *see also In re Phar-Mor, Inc. Sec. Litig.*, 172 F.3d 270, 274 (3d Cir. 1999); *Shaffer v. GTE N., Inc.*, 284 F.3d 500, 503 (3d Cir. 2002).